UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JONATHAN COOPER, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:16-CV-2630-L |
| TONI GATES, | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), the district court has referred Defendant's Motion to Dismiss [ECF No. 8] for findings and recommendation. *See* Order Referring Mot. 1, ECF No. 9. For the following reasons, Defendant's motion should be granted in part and denied in part.

### Background

This case stems from an alleged contract entered into by Jonathan and Heather Cooper ("Plaintiffs") and Toni Gates ("Defendant") for $200,000. Pls.' First Am. Compl. 1-2, ECF No. 7. Jonathan Cooper is a disabled veteran suffering from post-traumatic stress disorder ("PTSD") and has known Defendant for more than a decade. *Id*. at 2 ¶¶ 5-6. Plaintiffs allege that in late 2014 Defendant represented to them that she intended to start and/or fund a trucking company named "Syrtex." *Id*. at 2 ¶ 7. Plaintiffs began loaning money to Defendant from August 18, 2015, to November 23, 2015. *Id*. at ¶ 8. Plaintiffs contend that Defendant has failed to make any repayments on the loan or pay any interest. *Id*. at 2-3 ¶ 10. Plaintiffs bring the following causes of action against Defendant: (1) breach of contract; (2) fraudulent inducement; (3) unjust enrichment; (4) promissory estoppel; (5) money had and received; and (6) conversion. *Id*. at 3-5 ¶¶ 11-25.

This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) based on the diversity of the parties and the amount in controversy exceeds $75,000. *Id*. at 1 ¶ 3; 28 U.S.C. § 1332(a)(1).

Defendant moves to dismiss this case pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief may be granted. Def.'s Mot. to Dismiss 1, ECF No. 8 (hereafter "Def.'s Mot."); FED. R. CIV. P. 12(b)(6). Plaintiffs responded [ECF No. 10] to Defendant's motion on December 1, 2016, and Defendant filed its reply [ECF No. 11] on December 15, 2016. *See* Docket. Defendant's motion is ripe for determination.

## Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)). In deciding a Rule 12(b)(6) motion, the court construes the plaintiff's complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

## Analysis

## Breach of Contract

In order to state a claim for breach of contract under Texas law,[1] Plaintiff must allege the following: (1) the existence of a valid contract; (2) Plaintiffs' performance or tendered performance; (3) Defendant's breach of the contract; and (4) damages to Plaintiff caused by the breach. *See Lewis v. Bank of Am. N.A.*, 343 F.3d 540, 545 (5th Cir. 2003) (citing *Palmer v. Espey Huston & Assocs.*, 84 S.W.3d 345, 353 (Tex.App.—Corpus Christi 2002, pet. denied)).

Plaintiffs allege Defendant committed breach of contract by failing to make her required payments under the loan. Am. Compl. 3 ¶ 11, ECF No. 7. Plaintiffs allege they have performed all of their duties under the contract and demanded payment from Defendant. *Id*. at ¶¶ 12-13. Defendant argues Plaintiffs have failed to show the existence of a valid contract and have not alleged a written agreement. Def.'s Mot. 2-3, ECF No. 8. Defendant contends that there is no enforceable contract because Plaintiffs do not list any of the essential terms of a contract including: the date the contract was entered, the repayment schedule, the terms of the loan, or the exact amount. *Id.* at 3. Plaintiffs respond that there is an implied-in-fact contract and they allege sufficient facts showing there was mutual assent at the time the parties formed the contract. Pls.' Resp. 4 ¶ 12, ECF No. 10. Plaintiffs assert that a loan contract does not have to include a specific due date to be enforceable and that this loan was payable "on demand." *Id*. at 5 ¶ 14.

The Court agrees with Plaintiffs that in order to have an enforceable contract there must be: "(1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with intent that it be mutual and binding." *Girards v. Frank*, No. 3:13-CV-2695-BN, 2016 WL 454465, at \*3 (N.D.Tex. Feb. 5, 2016) (citing *Coffel v. Stryker Corp.*, 284 F.3d 625, 640 n.17

---

[1] Plaintiffs do not assert which state law, Tennessee or Texas, governs this dispute. In a diversity case such as this one, federal courts must apply the choice of law rules in the forum state in which the court sits. Accordingly, Texas choice of law governs which substantive law will govern the Court's decision. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 77 (1938).

(5th Cir. 2002)). "The existence of a valid, enforceable contract is an essential element of a breach of contract claim." *Id*. (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009)). "To be enforceable, a contract must address all of its essential and material terms with 'a reasonable degree of certainty and definiteness.'" *Id*. (citing *Pace Corp. v. Jackson*, 284 S.W.2d 340, 345 (Tex. 1955)); *Southern v. Goetting*, 353 S.W.3d 295, 299-300 (Tex.App.—El Paso 2011, pet. denied) ("The terms of an oral contract must be definite, certain, and clear as to all essential terms and, if they are not, the oral contract fails for indefiniteness."); *Coe v. Chesapeake Expl., L.L.C.*, 695 F.3d 311, 320 (5th Cir. 2012) ("To be enforceable, the terms of an agreement must be sufficiently definite to enable the court to understand each party's obligations."). "Material and essential terms are those that parties would reasonably regard as 'vitally important ingredient[s]' of their bargain." *Girards*, 2016 WL 454465 at *4 (quoting *Neeley v. Bankers Tr. Co*., 757 F.2d 621, 628 (5th Cir. 1985)).

The Court finds that Plaintiffs have alleged sufficient factual allegations that enables the Court to sufficiently understand each party's obligations under the contract. *Coe*, 695 F.3d at 320. In assuming Plaintiffs' factual allegations as true, the Court finds Plaintiffs have asserted the requisites of a valid, enforceable contract. The contract must only address all of the essential and material terms with "a *reasonable* degree of certainty and definiteness." *Pace Corp.*, 284 S.W.2d at 345 (emphasis added). Under the circumstances it is sufficiently clear that the parties intended to be contractually bound. Plaintiffs allege that Defendant requested the loan, Plaintiffs provided the $200,000 to Defendant, and Defendant accepted the loan by depositing this amount into her bank account. Pls.' Resp. 5-6 ¶ 12, ECF No. 10. The lack of writing does not make the contract unenforceable. *See Taj Al Khairat Ltd. v. Swiftships Shipbuilders, L.L.C.,* 630 Fed. App'x 315, 319 (5th Cir. 2015) ("[T]he requisite 'elements of both written and oral contracts are

the same and must be present for a contract to be binding.'") (citing *Searcy v. DDA, Inc*., 201 S.W.3d 319, 322 (Tex.App.—Dall. 2006)). Defendant's argument that Plaintiffs' claim should also be dismissed for failure to include the loan's interest rate is unavailing. *See* Def.'s Reply 2, ECF No. 11; Am. Compl. 3 ¶ 12, ECF No. 7 (stating the interest rate of the loan is six percent). Plaintiffs have alleged facts that are sufficient to plead a claim for breach of contract and survive a Rule 12(b)(6) challenge. The district court should deny Defendant's Motion to Dismiss Plaintiffs' breach of contract claim.

### Fraudulent Inducement

Under Texas law, the elements of common law fraud include: (1) the defendant made a material representation to the plaintiff; (2) the representation was false; (3) the defendant knew the representation was false or made the representation recklessly, without knowledge of its truth; (4) the defendant intended for the plaintiff to act on the misrepresentations; (5) the plaintiff acted on the misrepresentation; and (6) the plaintiff incurred damages thereby. *In re First Merit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001); *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998). Rule 9(b) "requires 'a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Myers v. Ford Motor Credit Co.*, No. 3:09-CV-2271-L, 2010 WL 2366022, at *1 (N.D.Tex. June 9, 2010) (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002)).

Plaintiffs have not raised sufficient factual allegations of fraud to survive dismissal. Plaintiffs do not "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). Plaintiffs' allegations are

conclusory and are not specific enough to comply with Rule 9(b). FED. R. CIV. P. 9(b). Plaintiffs merely state that Defendant represented she would re-pay the loan and that they relied on Defendant's representations to their substantial injury and damage. Am. Compl. 3 ¶ 14, ECF No. 7. Plaintiffs do not state any factual allegations that Defendant knew the representation that she would re-pay Plaintiffs was false or made recklessly. *Williams*, 112 F.3d at 180 ("Excerpts of the articles that appear in the body of the complaint are unaccompanied by specific allegations. No attempt is made to isolate statements and particularize their falsity."). It appears to the Court that Plaintiffs merely restate their breach of contract claim.

Accordingly, Defendant's Motion to Dismiss, pursuant to Rule 12(b)(6) for Plaintiffs' failure to state a fraud claim, should be granted.

### Unjust Enrichment

"A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). Unjust enrichment is a quasi-contractual claim that is based on the absence of an express agreement. *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000). Under Texas law, there can be no unjust enrichment claim when there is a binding contact between the parties. *First Union Nat'l Bank v. Richmont Cap. Partners I, L.P.*, 168 S.W.3d 917, 931 (Tex.App.—Dall. 2005, no pet.). "Even if based on the loan agreement, the court considers the unjust enrichment claim to be an alternate claim, which is permitted by Rule 8 of the Federal Rules of Civil Procedure." *Picard v. Chase Home Fin., L.L.C.*, No. 3:11-CV-439-L, 2011 WL 5333060, at *4 (N.D.Tex. Nov. 3, 2011) (citing FED. R. CIV. P. 8(d)(2)).

Plaintiffs' unjust enrichment claim states, "[a]lternatively, Plaintiffs allege that Defendant obtained the benefit of the funds provided by Plaintiffs by taking undue advantage of Plaintiffs. Defendant will be unjustly enriched by retain[ing] the benefit of Plaintiffs' funds without the commensurate payment." Am. Compl. 4 ¶ 15, ECF No. 7. Defendant argues that there is no cause of action for unjust enrichment in Texas. Def.'s Mot. 3-4, ECF No. 8.

Plaintiffs only assert a claim for unjust enrichment in the alternative if their breach of contract claim should fail. *See Pension Advisory Grp., Ltd. v. Country Life Ins. Co*., 771 F. Supp. 2d 680, 704 n.5 (S.D.Tex. 2011) (concluding that quantum meruit and unjust enrichment claims under Texas law may be stated in the alternative to a breach of contract claim). "A party can plead legal and equitable claims in the alternative, but only when one party disputes the existence of a contract governing the dispute. *Taliaferro v. Samsung Telecomms. Am., Inc*., No. 3:11-CV-1119-D, 2012 WL 169704, at *9 (N.D.Tex. Jan. 19, 2012) (applying Georgia law). Here, Defendant disputes the existence of a contract. Def.'s Mot. 2, ECF No. 8; *cf. Johnson v. Wells Fargo Bank, N.A.*, 999 F. Supp. 2d 919, 929 (N.D.Tex. 2014) (Lynn, J.) (dismissing unjust enrichment claim where the plaintiff and defendant stipulated to the validity of the contract).

Accepting Plaintiffs' allegations as true, the Court finds Plaintiffs state a cause of action for recovery under a theory of unjust enrichment. This claim would come into play only if Plaintiffs fail to establish their breach of contract claim. Accordingly, the district court should deny Defendant's Motion to Dismiss Plaintiffs' unjust enrichment claim at this stage.

### Promissory Estoppel

"Promissory estoppel is a narrow exception to the statute of frauds." *Gordon v. Bank of Am. Corp. & Green Tree Serv., L.L.C.*, No. 3:15-CV-902-L, 2015 WL 5872659, at *6 (N.D.Tex.

7

Oct. 5, 2015) (quoting *Trammel Crow Co. v. Harkinson*, 944 S.W.2d 631, 636 (Tex. 1997)).[2]

"To establish promissory estoppel, a plaintiff must establish: (1) a promise; (2) foreseeability of reliance on the promise by the promisor; and (3) substantial detrimental reliance by the promisee." *Id*. (citing *Metro. Life Ins. Co. v. Haden & Co.*, 158 F.3d 584, 584 (5th Cir. 1998)); *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983). "To invoke promissory estoppel, the promisee must show that the promisor promised to sign a written agreement that complied with the statute of frauds." *Gordon*, 2015 WL 5872659, at *6 (citing *Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex. 1982)). "Moreover, the agreement that was the subject of the oral promise must be in writing at the time the oral promise to sign was made." *Id*. (citation omitted). "Under Texas law, a contract comprising the disputed promise precludes recover under promissory estoppel." *Jhaver v. Zapata Off-Shore Co.*, 903 F.2d 381, 385 (5th Cir. 1990).

Plaintiffs state they "reasonably and substantially relied upon Defendant's promise to their detriment as Defendant failed to pay the funds furnished by Plaintiffs." Am. Compl. 4 ¶ 17, ECF No. 7. Plaintiffs argue that if the trier of fact determines that the parties do not have a contract then promissory estoppel applies to avoid injustice. Pls.' Resp. 8 ¶ 21, ECF No. 10. Defendant contends that Plaintiffs must allege that she promised to sign a written contract for promissory estoppel to apply. Def.'s Mot. 4, ECF No. 8. The Court agrees with Defendant and does not find any allegation by Plaintiffs that Defendant promised to sign an existing written agreement that complied with the statute of frauds. *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 257 n.13 (5th Cir. 2013) (citing cases); *see also Hurd v. BAC Home Loans Serv., L.P.*,

---

[2] "Although normally a defensive theory, promissory estoppel is available as a cause of action to a promisee who has reasonably relied to his detriment on an otherwise unenforceable promise." *Team Healthcare/Diagnostic Corp. v. Blue Cross & Blue Shield of Texas*, No. 3:10-CV-1441-BH, 2012 WL 1617087, at *5 (N.D.Tex. May 7, 2012) (citing *Gold Kist, Inc. v. Carr*, 886 S.W.2d 425, 431 (Tex.App—Eastland 1994, pet. denied); *Kelly v. Rio Grande Computerland Grp*., 128 S.W.3d 759, 769 (Tex.App.—El Paso 2004, no pet.)).

880 F. Supp. 2d 747, 761 (N.D.Tex. 2012) (promise underlying affirmative claim for promissory estoppel must be a promise to sign an already existing written agreement that would itself satisfy the statute of frauds).

Since there are no allegations that Defendant promised to sign an existing written agreement, the district court should grant Defendant's Motion to Dismiss Plaintiffs' promissory estoppel claim.[3]

### Money Had and Received

To bring a claim for money had and received a plaintiff must establish that "the defendant held money which in equity and good conscience belonged to the plaintiff." *Bank of Saipon v. CNG Fin. Corp.*, 380 F.3d 836, 840 (5th Cir. 2004) (citation omitted). "In Texas, a claim for money had and received is an equitable or quasi-contract theory of relief that is available only when there is no contract between the parties that covers the subject matter of the dispute." *Hidden Values, Inc. v. Wade*, No. 3:11-CV-1917-L, 2012 WL 1836087, at *11 (N.D.Tex. May 18, 2012) (citing *MGA Ins. Co. v. Charles R. Chesnutt, P.C.*, 358 S.W.3d 808, 815 (Tex.App.—Dall. 2012, no pet.)).

Similar to Plaintiffs' unjust enrichment claim, Plaintiffs bring a claim for money had and received in the alternative to their breach of contract claim. Am. Compl. 4 ¶ 19, ECF No. 7. Plaintiffs allege "Defendant holds money in her possession that in equity and good conscience belongs to Plaintiffs." *Id*. The Court finds Plaintiffs have stated sufficient facts for a claim of money had and received. If the Court finds that a valid and enforceable contract exists this

---

[3] The Court recommends that any further amendment as to this claim would be futile. *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit,"). "The court may not dismiss a complaint under [R]ule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Stripling v. Jordan Prod. Co., L.L.C.*, 234 F.3d 863, 873 (5th Cir. 2000) (citations omitted).

equitable claim will not apply. However, "it is possible that the contract will not be considered valid and enforceable once all the evidence is gathered." *Ryan, L.L.C. v. Inspired Dev., L.L.C.*, No. 3:12-CV-02391-O, 2013 WL 12137012, at \*5 (N.D.Tex. July 18, 2013). "If the evidence shows that there is no valid agreement," Plaintiffs "should not be barred from bringing its claim for money had and received as an alternative theory of relief." *Id.*

Accordingly, the district court should deny Defendant's Motion to Dismiss Plaintiffs' money had and received claim.

### Conversion

Plaintiffs request the Court to dismiss their claim for conversion without prejudice. Pls.' Resp. 10 ¶ 27, ECF No. 10. Defendant does not oppose this withdrawal. Def.'s Reply 2, ECF No. 11. The district court should dismiss Plaintiffs' claim for conversion without prejudice.

### Attorney's Fees

A determination of attorney's fees is premature, as the court determines attorney's fees post-verdict pursuant to Rule 54(d)(2)(B). FED. R. CIV. P. 54(d)(2)(B). Accordingly, the district court should deny without prejudice Plaintiffs' request at this time.

### <u>RECOMMENDATION</u>

The undersigned respectfully recommends that the district court should **GRANT** Defendant's Motion to Dismiss [ECF No. 8] Plaintiffs' fraudulent inducement and promissory estoppel claims. The district court should dismiss Plaintiffs' conversion claim without prejudice. The district court should **DENY** Defendant's Motion to Dismiss Plaintiffs' claims for breach of contract, unjust enrichment, money had and received, and attorney's fees.

**SO RECOMMENDED**, this 7th day of March, 2017.

10

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).